UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| MARIA M. MADERA, | ) | |
| Plaintiff, | ) | 3:11-cv-0777-LRH-WGC |
| v. | ) | |
| WELLS FARGO BANK, N.A.; et al., | ) | ORDER |
| Defendants. | ) | |

Before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. Doc. #13. Plaintiff Maria M. Madera ("Madera") filed an opposition (Doc. #22) to which Wells Fargo replied (Doc. #24).

Also before the court is defendant LSI Title Agency, Inc.'s ("LSI") motion to dismiss (Doc. #5) to which defendant United Title of Nevada ("United") joined (Doc. #12). Madera filed an opposition (Doc. #15) to which LSI replied (Doc. #16).

**I.    Facts and Procedural History**

In November, 2005, Madera purchased real property through a mortgage note and deed of trust originated by defendant Wells Fargo. Eventually, Madera defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Madera filed a complaint in state court against defendants alleging three causes of action: (1) wrongful foreclosure; (2) declaratory relief; and (3) injunctive relief. Doc. #1,

Exhibit A. Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, moving defendants filed the present motions to dismiss. Doc. ##5, 13.

## II.     Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

(internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Discussion**

   **A. Wrongful Foreclosure**

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, it is undisputed that Madera was in default on her mortgage obligations so there can be no sustainable action for wrongful foreclosure.

Further, Madera's claim is premature because the tort of wrongful foreclosure is ripe once a power of sale has actually occurred and the foreclosure has been completed. *See Haley v. Elgen Home Lending, LP*, 2010 WL 1006664, *1-2 (D. Nev. 2010). Therefore, the court finds that Madera fails to state a claim for wrongful foreclosure upon which relief can be granted.

   **B.   Declaratory and Injunctive Relief**

Claims for declaratory and injunctive relief are remedies that may be afforded to a party after she has sufficiently established and proven her claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007). Here, Madera fails to allege any claims against defendants that warrant relief. Thus, she is not entitled to declaratory or injunctive relief. Accordingly, the court shall grant moving defendants' motions to dismiss.

///

///

///

3

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #5) and motion to dismiss (Doc. #13) are GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 3rd day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE